### RILEY BLANKENSHIP *v.* THE STATE.

1. CONTINUANCE. — This court will not consider a refusal of the court below to grant a continuance, unless the ruling of the court was duly excepted to and a bill of exceptions saved at the time.

2. THEFT OF ANIMALS. — Note in the opinion a state of proof held sufficient to sustain a conviction for theft of animals, notwithstanding positive testimony that the accused purchased them from a stranger.

APPEAL from the District Court of Comanche. Tried below before the Hon. J. R. FLEMING.

The charge was the theft of certain steers.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.    Refusal to grant an application for a continu-ance will not be considered or revised by this court unless duly excepted to at the time, and a bill of exceptions saved to the ruling, which must also be incorporated in the record. *Nelson* v. *The State*, 1 Texas Ct. App. 41 ; *Brooks* v. *The State*, 2 Texas Ct. App. 1 ; *Grant* v. *The State*, 3 Texas Ct. App. 1 ; *Owens* v. *The State*, 4 Texas Ct. App. 153 ; *Allen* v. *The State*, 4 Texas Ct. App. 581.

Want of sufficiency in the evidence to sustain the indict-ment in this case is the only other objection raised in the motion for a new trial and assignment of errors.

Throughout the trial the record discloses that the theory of the defence was that accused had purchased in good faith, and obtained a bill of sale for the stolen steers.    As stated in the evidence introduced by defendant, he and one or two other companions were going along the road, and met two strangers, who, after conversing with them awhile, inquired about these steers, and the result was the sale by the strangers and purchase of them by the defendant, for the sum of $10.    These strangers were not seen there ; had never, in fact, been seen before nor since by any other persons in that section of the country.    It is attempted to be shown that they victimized the unfortunate and innocent defendant by getting his money for a worthless title to property they never owned, and disappeared without leaving a single trace behind save the bill of sale.

It is astonishing to note the frequency with which this same defence is made in criminal trials for theft of animals. In fact, it has become so stereotyped that no county attorney who understands his business objects to the introduction in evidence of such a bill of sale, no matter how irregular ; and an honest jury is rarely ever deceived by it, even to the extent of a desire for seizing it as a hook upon which to hang the veriest ghost of a reasonable doubt.

In this case, though defendant's witness recited, with the

most minute circumstantiality, all the interesting details of the interview between the stranger and the accused, which finally eventuated in the sale and purchase of these steers and the execution of the written bill of sale, giving the names of all the parties and witnesses to the same ; and notwithstanding the particularity and perspicuity with which he explained and testified to all the surrounding circumstances, the bill of sale, after being thus positively proven, was not produced and offered in evidence on the trial, nor its absence even attempted to be accounted for by defendant.

The State fully made out her case, and the judgment is in all things affirmed.

*Affirmed.*